UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRYAN CHRISTOPHER CHURCHILL,

                         Plaintiff,

v.                                               Case No. 24-cv-1420-pp

AMANDA MCCONICO and SARAH WATSON,

                         Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), SCREENING COMPLAINT UNDER 28 U.S.C. §1915A AND DISMISSING CASE FOR FAILURE TO STATE A CLAIM**

Plaintiff Bryan Christopher Churchill, who is incarcerated at the Milwaukee Secure Detention Facility and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his constitutional rights. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1).

1

He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On December 4, 2024, the court ordered the plaintiff to pay an initial partial filing fee of $13.45. Dkt. No. 10. The court received that fee on January 8, 2025. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay remainder of the filing fee over time in the manner explained at the end of this order.

**II.     Screening the Complaint**

    A.     Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts,

2

accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.   The Plaintiff's Allegations

The plaintiff alleges that on August 1, 2024, defendants Amanda McConico and Sarah Watson had him incarcerated for revocation. Dkt. No. 1 at 2. After the plaintiff was detained, defendant McConico interviewed him and called him gay. Id. The plaintiff allegedly asked that his fiancée to be added to his visiting list, but they denied her visitation rights which "put a strain on [the plaintiff's] only healthy relationship causing her the trauma that resulted in her miscarriage of [their] two unborn children[.]" Id. The plaintiff states that his

personal property was "selectively withheld from [his] friend Dennis . . . picking it up." Id. The plaintiff alleges that when his friend "got the okay" to pick up the plaintiff's property, his backpacks, purchased school supplies, clothing, leather jacket and cool breeze cooling unit had not been picked up from his temporary living unit by defendant McConico. Id. at 2-3.

The plaintiff says in his complaint is that he "lost out on these purchased items" as well as a defamation of character claim for the false statement regarding his sexual orientation. Id. at 3. For relief, the plaintiff states that he would like to be transferred to the DCC Probation and Parole on Wells Street and to be reimbursed $1,100 for his property. Id. at 4.

C. Analysis

The complaint says that defendant McConico worked for "DCC Probation & Parole," dkt. no. 1 at 2; the court assumes that she is a probation or parole officer. Courts have found that the conduct of parole officers can implicate the Eighth Amendment in some situations. See, *e.g.*, Mitchell v. Kallas, 895 F.3d 492, 502 (7th Cir. 2018) (parole officers blocked parolee from obtaining medical treatment); Hankins v. Lowe, 786 F.3d 603, 605 (7th Cir. 2015) (imposing restrictions beyond parole term). In Mitchell, 895 F.3d at 502, the Court of Appeals for the Seventh Circuit held that a parolee stated an Eighth Amendment claim that parole officers acted with deliberate indifference to the parolee's gender dysphoria because the officers impermissibly forbade her from dressing as a woman and seeking hormone treatment on her own, treatment that she needed to treat her condition. The court of appeals explained that

4

"[t]hough parole officers may have no duty under [*Estelle v.] Gamble,* [429 U.S. 97 (1976)], to provide a parolee with medical care or ensure that [he] receives it, they at least may be constitutionally obligated not to block a parolee who is trying to arrange such care for [himself] without any basis in the conditions of parole." Id.

The plaintiff first alleges that McConico and Sarah Watson "had" him incarcerated for revocation after "having" him detained. The court does not know who Sarah Watson is—perhaps she was a probation officer, but perhaps she played some other role. Regardless, the plaintiff's allegations that McConico and Watson initiated detention and revocation proceedings against him do not state a claim for a constitutional violation. "A probation officer's actions taken to initiate revocation proceedings are 'closely associated with the quasi-judicial phase of the criminal process,' which means that a probation officer taking such action is 'entitled to absolute immunity.'" Miller v. Racine C'nty, Case No. 22-cv-595, 2022 WL 15523190, at *5 (E.D. Wis. Oct. 27, 2022) (quoting Mays v. Johnson, 850 F. App'x 982, 982 (7th Cir. 2021)).

Next, the plaintiff claims that defendant McConico called him "gay" during their interview. This does not amount to a constitutional violation, see DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir. 2000) (use of derogatory language, while "unprofessional and deplorable," does not violate the Constitution), nor does it state a claim for defamation of character under Wisconsin state law, see Schindler v. Seiler, 474 F.3d 1008, 1010 (7th Cir. 2007) (to allege a claim of defamation, a plaintiff must allege a false statement,

5

communicated to a person—*other than the person defamed*—that is unprivileged and tends to harm the defamed person's reputation in the estimation of the community or to deter third persons from associating or dealing with the defamed person). McConico alleged made an offensive statement, but she made it only to the plaintiff.

The plaintiff also alleges that when he asked to add his fiancée to his visiting list, "they" denied the fiancée visitation rights, causing a strain on the relationship and causing the fiancée to miscarry. The plaintiff does not explain who refused to put his fiancée on his visitation list, or refused to allow her to visit the plaintiff. But it is not probation or parole officers who decide visitation issues—it is jail or prison staff. The plaintiff has not identified either plaintiff as jail or prison staff.

Finally, the plaintiff alleges that McConico did not pick up several items of his personal property from his temporary living unit after he was incarcerated. The court is not aware of any legal authority that would require a probation or parole agent to pick up a supervisee's personal property. The plaintiff has not identified any constitutional provision (or law) that required his agent to pick up his personal property, and the court is not aware of one. The plaintiff has not stated a constitutional claim based on his allegations that McConico did not pick up his personal property from his temporary living unit.

Although courts generally permit civil plaintiffs at least one opportunity to amend their pleadings, the court need not do so where the amendment would be futile. See Zimmerman v. Bornick, 25 F.4th 491, 492 (7th Cir. 2022);

6

Runnion *ex rel.* Runnion v. Girl Scouts of Greater Chi. & Nw. Ind., 786 F.3d 510, 519-20 (7th Cir. 2015); Perez v. Fenoglio, 792 F3.d 768, 783 (7th Cir. 2015)). Based on plaintiff's allegations and the applicable law, the court finds that it would be futile to allow plaintiff to amend the complaint. Because the plaintiff has not stated a claim for which this federal court may grant relief, the court must dismiss his complaint.

## III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim. The court will enter judgment accordingly.

The court will document that the plaintiff has incurred a "strike" under 28 U.S.C. §1915(g).

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$336.55** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the

7

transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden of the Milwaukee Secure Detention Facility, where the plaintiff is confined, and will email a copy to DLSFedOrdersEastCL@doj.state.wi.us.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. Rule of App. P. 4(a)(5)(A).). If the plaintiff appeals, he will be liable for the $605 appellate filing fee regardless of the outcome of the appeal. If the plaintiff seeks to proceed on appeal without prepaying the appellate filing fee, he must file a motion *in this court.* See Fed. R. App. P. 24(a)(1). The plaintiff may be assessed another "strike" by the Court of Appeals if it concludes that his appeal has no merit. If the plaintiff accumulates three strikes, he will not be able to file a case in federal court (except a petition for *habeas corpus* relief) without prepaying the full filing fee unless he demonstrates that he is in imminent danger of serious physical injury. Id.

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under

Rule 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 14th day of April, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**